United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Yocasta Mompie, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-24081-Civ-Scola |
| Kilolo Kijakazi, Acting | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

### Order Adopting in Part Magistrate Judge's Report and Recommendations

This matter was referred to United States Magistrate Judge Jonathan Goodman for a ruling on all pre-trial, non-dispositive matters, and for a report and recommendations on any dispositive matters. (ECF No. 2.) Plaintiff Yocasta Mompie ("Mompie") challenges the denial of social security benefits. Mompie and Defendant Kilolo Kijakazi[1], Acting Commissioner of the Social Security Administration ("Commissioner"), filed cross-motions for summary judgment. (ECF Nos. 18, 19.) Judge Goodman issued a report, recommending the Court deny Mompie's motion for summary judgment (ECF No. 18), grant the Commissioner's motion for summary judgment (ECF No. 19), and enter final judgment in favor of the Commissioner. (Rep. & Rec., ECF No. 22.) Mompie filed objections (ECF No. 25), to which the Commissioner did not respond. After reviewing the filings, the applicable law, and the record, the Court **adopts in part** and **declines to adopt in part** the report and recommendations. (ECF No. 22.)

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or

---

[1] Plaintiff's suit was filed against Kilolo Kijakazi, the Acting Commissioner at the time of filing. Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley should be substituted for Kilolo Kijakazi as the suit's Defendant.

recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

Mompie presents two objections to Judge Goodman's recommendations. First, Mompie objects to Judge Goodman's conclusion that the Administrative Law Judge ("ALJ") did not err by not including mental limitations in Mompie's residual functional capacity ("RFC"). (Obj. 2–7, ECF No. 25.) Second, Mompie objects to Judge Goodman's conclusion that the ALJ accounted for all of her visual impairments, and she asserts that the ALJ "failed to fulfill her duty to develop the record for the unrepresented claimant in not ordering a consultative ophthalmological examination." (*Id.* at 7-11.) The Court therefore reviews those portions of Judge Goodman's report and recommendations de novo, and the remainder of the report and recommendations for clear error. *See Macort*, 208 F. App'x at 783-84.

First, Mompie challenges Judge Goodman's determination that the ALJ did not err by not including any mental limitations in Mompie's RFC. (Obj. 2–7.) The Social Security regulations establish a five-step process for evaluating whether a claimant is disabled:

> (1) whether she is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals the medical listings; (4) if not, whether she can perform her past relevant work in light of her RFC; and (5) if not, whether, based on her age, education, RFC, and work experience, she can perform other work found in the national economy.

*Arce v. Comm'r of Soc. Sec.*, No. 23-11315, 2024 WL 36061, at *1, 2024 U.S. App. LEXIS 110, at *2 (11th Cir. Jan. 3, 2024). Pertinent to Mompie's objection, at step two, the ALJ determined that Mompie's "medically determinable mental impairments of anxiety and depression, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe." (Tr. 36, ECF No. 9.) An assessment of the four areas of mental functioning used to evaluate mental disorders revealed that Mompie has a mild limitation in the functional area of "concentrating, persisting or maintaining pace." (*Id.*) As the ALJ acknowledged herself, the mental limitations "are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional

capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." (*Id.* at 37.)

Further, in a recent decision, the Eleventh Circuit held that even if the ALJ finds at step two that a claimant's mental impairments are mild, the ALJ must nevertheless consider how the "non-severe mental limitations affected her RFC" at step four. *Arce*, 2024 WL 36061, at *2. In *Arce*, the Eleventh Circuit vacated the district court's judgment and remanded the case with instructions to the ALJ to consider how the claimant's mild mental limitations affected her RFC. *Arce*, 2024 WL 36061, at *2 ("Although the ALJ found mild mental impairments in her step 2 analysis, her RFC assessment at step 4 apparently was limited to Arce's physical abilities and impairments and erroneously omitted considering her mental ones."). Specifically, the Court directed the ALJ to support her conclusion that the claimant could perform work by considering the duties of the work and evaluating her ability to perform those duties despite all limitations—mental and physical. *Id.*

In the ALJ's analysis of Mompie's RFC, the mental limitation in "concentrating, persisting or maintaining pace" is never mentioned. The only references to Mompie's mental limitations in the RFC analysis are the statements that "she takes no medication for any mental impairment, does not see a mental health professional, and has not been hospitalized for any mental condition[.]" (Tr. 39.) It does not suffice that the ALJ states that she has "considered all symptoms." *See Arce*, 2024 WL 36061, at *2; *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268-70 (11th Cir. 2019). The ALJ must consider Mompie's identified mental limitations—specifically, her limitation in "concentrating, persisting or maintaining pace"—when analyzing her ability to perform work and the duties of that work. *See Arce*, 2024 WL 36061, at *2. Accordingly, the Court declines to adopt Judge Goodman's conclusion that the ALJ did not err by not including any mental limitations in Mompie's RFC, grants Mompie's motion for summary judgment on that issue, denies the Commissioner's motion for summary judgment on that issue, and remands the case to the ALJ with instructions to consider how Mompie's non-severe mental limitations affect her RFC.

Mompie also objects to Judge Goodman's conclusion that the ALJ did not err in evaluating her visual impairments. (Obj. 7-10, ECF No. 25.) Mompie argues that the ALJ impermissibly focused on her visual acuity alone, ignoring the significance of her other ocular ailments. (*Id.*) The Court must, in reviewing the determinations of an ALJ, consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's finding of fact. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (cleaned up). As Judge Goodman concluded, the ALJ

properly considered all of Mompie's visual impairments. (*See* Rep. & Rec. 16.) For example, the ALJ's decision noted that on November 3, 2021, an ophthalmologist "described her retinopathy and macular edema as mild." (Tr. 40.) Further, the ALJ indicated that "no medical expert has opined" that Mompie's ocular migraines "result[] in an inability to perform work-related activities." (*Id.* at 38.) The ALJ also underscored that Mompie continued to work at her job "requiring at least frequent near visual acuity for more than one year after her visual impairments were diagnosed." (Tr. 41.) And while the ALJ considered the Plaintiff's own testimony about her ailments, the Court agrees with Judge Goodman that the ALJ's decision not to fully credit the Plaintiff's testimony is supported by substantial evidence. (Rep. & Rec. 17) (noting, for example, that Mompie claimed she stopped working due to worsening vision, but said she has a driver's license and continues to drive during the day). Accordingly, the Court holds the ALJ properly considered all Plaintiff's visual impairments and "did not commit reversible error in assessing Plaintiff's visual impairments." (Rep. & Rec. at 19-20.)

Finally, the Court agrees with Judge Goodman that the ALJ did not err by not ordering an ophthalmological examination. An ALJ is not required to order a consultative examination so long as the record contains sufficient evidence to make a determination. (Rep. & Rec. 16) (citing *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007)). The record illustrates that the ALJ considered extensive medical records, including those from an ophthalmologist. (Tr. 39.)

The Court, therefore, **adopts in part** and **declines to adopt in part** the report and recommendations. (**ECF No. 22**.) On the issue of the ALJ's failure to consider Mompie's mental impairments in her RFC analysis, the Court **grants** Mompie's motion for summary judgment (**ECF No. 18**), **denies** the Commissioner's motion for summary judgment (**ECF No. 19**), and **remands** the case to the ALJ with instructions to consider Mompie's mental impairments in her RFC. On all other issues, Mompie's motion for summary judgment is **denied** (**ECF No. 18**), and the Commissioner's motion for summary judgment is **granted**. (**ECF No. 19**.) Finally, the Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on March 14, 2024.

_____
Robert N. Scola, Jr.
United States District Judge