# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 22-24081-CV-SCOLA/GOODMAN

YOCASTA MOMPIE,

 Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

 Defendant.

_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES

Plaintiff Yocasta Mompie ("Plaintiff") filed an Unopposed Motion for Attorney's Fees requesting the Court award her fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 34 (the "Motion")]. Plaintiff requests an attorney's fees award for $10,000.00, an amount agreed upon by Defendant Kilolo Kijakazi[1], Acting Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). *Id.* at p.2.[2]

---

[1]  Plaintiff's suit was brought against Kilolo Kijakazi, the Acting Commissioner at the time of filing. Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley should be substituted for Kilolo Kijakazi as the suit's Defendant.

[2]  The Undersigned notes that Plaintiff mistakenly cited to Local Rule 7.01(a) for the Middle District of Florida, instead of Local Rule 7.1(a)(3) for the *Southern* District of

The EAJA gives the Court discretion to require a defendant to pay a plaintiff's attorney's fees when the plaintiff is the prevailing party. 28 U.S.C. § 2412(a). "Pursuant to the Clerk's directive of this cause, this matter is referred to the [Undersigned] for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." [ECF No. 2].

Upon review of the Motion and the record, the Undersigned finds that the requested fees are reasonable. As such, I **respectfully recommend** that the District Court **grant** the Motion, contingent upon a determination by the Commissioner that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

I.    **Background**

Plaintiff filed this action contesting Defendant's denial of her claim for Social Security benefits. [ECF No. 1, p. 1]. The parties filed cross-motions for summary judgment. [ECF Nos. 18; 19].

Upon review of both motions and the Undersigned's Report and Recommendations [ECF No. 22], Senior United States District Judge Robert N. Scola, Jr. granted in part and denied in part each motion for summary judgment[3], and remanded

---

Florida. Nevertheless, the Undersigned accepts Plaintiff's certificate of compliance as her certificate of conferral.

[3]    "On the issue of the ALJ's failure to consider Mompie's mental impairments in her RFC analysis, the Court grants Mompie's motion for summary judgment (ECF No. 18), denies the Commissioner's motion for summary judgment (ECF No. 19). . . . On all other issues, Mompie's motion for summary judgment is denied (ECF No. 18), and the

the case to the ALJ with instructions to consider Plaintiff's mental impairments in her residual functional capacity. [ECF No. 28, p. 4]. Thereafter, Plaintiff filed the Motion seeking attorney's fees under the EAJA. [ECF No. 34].[4]

## II. Legal Standards and Analysis

### a. Entitlement to Attorney's Fees

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs." 28 U.S.C. § 2412(d)(1)(A).

The EAJA empowers courts to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). A court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

---

Commissioner's motion for summary judgment is granted. (ECF No. 19.)." [ECF No. 28, p. 4].

[4]   The Motion is Plaintiff's amended request for fees under the EAJA. She withdrew her original request [ECF No. 29] because she "inadvertently filed her Declaration without the time sheet attached." [ECF No. 32, p.1].

3

Here, because Plaintiff prevailed in obtaining a remand at the summary judgment stage [ECF No. 28], Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute[5] Plaintiff's request for attorney's fees. [ECF No. 34, p.2]. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

b. **Amount of Attorney's Fees**

"The fact that the parties have stipulated to an EAJA award does not relieve [a] [c]ourt of its obligation to independently assess whether the award is reasonable and otherwise appropriate." *Weatherspoon v. Kijakazi*, No. 2:21-00008-N, 2023 WL 1768125, at *3 n.3 (S.D. Ala. Feb. 3, 2023) (citations omitted). This Court is obligated to assess whether "the hours expended and hourly rate requested by [a] [p]laintiff [is] reasonable in th[e] case." *Morrison v. Astrue*, No. 08-80886-CIV, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010) (examining whether a plaintiff's requested rates were reasonable and whether "the reported hours represent[ed] 'excessive, redundant, or otherwise unnecessary work.'" (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988))).

As such, the Undersigned will consider whether the Motion's descriptions of hourly rates and hours expended are reasonable.

---

[5] Additionally, unlike with Plaintiff's initial request for fees, Defendant did *not* file a response contesting Plaintiff's Motion (and the time to do so has passed). Defendant's response to Plaintiff's initial request objected to the fees sought because "the Commissioner's position was substantially justified" and alternatively asked the Court to "reduce Plaintiff's request and only award a total of $9,707.40 in attorney fees." [ECF No. 30, p. 7].

4

### i. Reasonable Hourly Rate

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks an hourly rate of $234.95 for all hours worked (2.10) in 2022; an hourly rate of $244.62 for all hours worked (41.85) in 2023; and an hourly rate of $251.72 for all hours worked (16.70) in 2024. [ECF No. 34, p. 1]. The cost-of-living increases for 2022 and 2023 are $234.95 and $244.62, respectively.[6] Thus, the Undersigned finds the requested hourly rates for 2022 and 2023 reasonable. *Watts v. Comm'r of Soc. Sec.*,

---

[6] The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate (155.7) from the Annual Consumer Price Index ("CPI") 2022 (292.655), 2023 (304.702), and 2024 (312.145) (when the work was performed) and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.* (citing *Ingels v. Commissioner*, No. 16-1581, 2018 WL 1832214, at *1 n.3 (M.D. Fla. Apr. 9, 2018), explaining to visit U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (last visited July, 26, 2024) and "check box next to 'CPI for All Urban Consumers (CPI-U) 1982-84=100' and click on 'Retrieve data' button, then check the box next to 'include annual averages' and click on 'GO' button").

No. 6:22-CV-2131-DNF, 2024 WL 449636, at *1 (M.D. Fla. Feb. 6, 2024) ("Plaintiff is requesting hourly rates of $234.95 for 2022, and $244.62 for 2023. . . . The Court finds these hourly rates are reasonable.").

Based on the half-year average of data currently available, the cost-of-living increase for 2024 is $250.60. Thus, the Undersigned finds that the requested rate for 2024 is not reasonable because it exceeds the cost-of-living increase for that year. *Cf. Wilson v. Comm'r of Soc. Sec.*, No: 6:23-cv-7-DCI, 2024 WL 1555372 (M.D. Fla. Apr. 10, 2024), at *6 n.6 (finding an hourly rate "reasonable because it [did] not exceed the [cost-of-living increase calculated for 2024]").

However, the Motion indicates that Plaintiff did not use hourly rates to calculate the requested fee award, but, instead, relies upon the $10,000.00 figure agreed upon by the parties. [ECF No. 34, pp. 1-2]. Furthermore, even if the hourly rate for 2024 was adjusted to the cost-of-living increase for 2024 when calculating a total fee amount, the requested amount would still be less than this adjusted calculation.[7] Given these circumstances, and the fact that Defendant raised no objections, the Undersigned finds that an adjustment in requested hourly rates is not warranted. *Cf. Weatherspoon*, 2023 WL 1768125, at *5 (declining to adjust the plaintiff's calculations for requested attorney's fees when the requested amount was "less than the amount yielded by [the cost-of-living

---

[7] The adjusted calculation would amount to $14,915.59. This figure is comprised of the sum of all reasonable rates multiplied by the hours expended (($234.95 x 2.10) + ($244.62 x 41.85) + ($250.59 x 16.70)= $14,915.59).

6

increase reflected in CPI], and the [c]ommissioner [did] not oppose[] [p]laintiff's requested amount").

### ii. Reasonable Hours Expended

Plaintiff asserts that her attorney expended 60.65 hours on her case [ECF No. 34, p. 2] and supports this contention with timesheets detailing her attorney's activities throughout this case. [ECF No. 34-2, pp. 5–7]. The Undersigned has reviewed the hours submitted in the Motion and found the following instances of impermissible block billing (because I cannot discern how much time was spent on each activity):

| Date | Description | Hours |
|---|---|---|
| 07/25/2023 | Review record, draft summary sections, begin drafting medical summary | 6.10 |
| 07/27/2023 | Research; begin drafting arguments | 5.30 |
| 09/13/2023 | Research and drafting Plaintiff's Reply Brief | 8.50 |
| 05/30/2024 | Review court order; review briefing on the issue resulting in remand; review cases cited in Commissioner's merits briefing relevant to the issue | 1.50 |

[ECF No. 34-2, pp. 5–6].

"'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored

7

because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *11 (S.D. Fla. July 1, 2008) (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable"). Nonetheless, "[a]s a general proposition block billing is not prohibited so long as the Court can determine from the time entry the services that were performed." *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 4:08-CV-355-MCR-GRJ, 2018 WL 4381294, at *6 (N.D. Fla. May 29, 2018), *report and recommendation adopted*, No. 4:08CV355/MCR/GRJ, 2018 WL 6829047 (N.D. Fla. Sept. 28, 2018).

Moreover, the Undersigned also found an example of slightly erroneous billing in the materials submitted. *See Dewitt v. Daley*, No. 05-61418-CIV, 2007 WL 9698322, at *3 (S.D. Fla. Nov. 29, 2007) ("[B]illing entries [that] are clerical, excessive, duplicative, redundant, or [that] **represent erroneous time entries** . . . must be reduced." (emphasis added)), *report and recommendation adopted*, No. 05-61418-CIV, 2007 WL 9698332 (S.D. Fla. Dec. 17, 2007). The entries in 2022 amount to 2 hours [ECF No. 34-2, p. 5], but the Motion claims that Plaintiff's attorney expended 2.10 hours in 2022 [ECF No. 34, p. 1].[8]

However, as previously mentioned, Plaintiff's request *already* includes a $4,934.47 discount. *Id.* at pp. 1-2. The Undersigned finds that this amount satisfies any potential

---

[8] Similarly, the entries in 2023 amount to 41.95 hours [ECF No. 34-2, pp. 5–6] but the Motion claims fees for 41.85 hours. [ECF No. 34, p.1].

deductions made related to block billing or erroneous entries, and that no further reductions are necessary. These considerations, combined with a lack of opposition from Defendant, illustrate that the requested amount is reasonable. *See Weatherspoon*, 2023 WL 1768125, at *5.

Therefore, the Undersigned finds that Plaintiff may recover $10,000.00 in attorney's fees. *Ochmanksi v. Kijakazi*, No. 21-24429-CIV, 2023 WL 4349157 (S.D. Fla. Mar. 29, 2023), at *2 (awarding the prevailing party a stipulated fee award when both parties agreed upon the fee amount "to avoid litigation of the fee issue" and "the stipulated reduced fee amount [was] reasonable"), *report and recommendation adopted*, No. No. 21-24429-CIV, 2023 WL 4144363 (S.D. June 23, 2023).

### III. Conclusion

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Motion and award Plaintiff **$10,000.00** in attorney's fees, contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government.

### IV. Objections

The parties will have 4[9] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the

---

[9] The Undersigned is shortening the amount of days because it is not likely that Defendant will file objections based on Plaintiff's representation and lack of response filed.

District Judge. Each party may file a response to the other party's objection within 4 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 27, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Robert N. Scola Jr.
All Counsel of Record